# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Franklin Capital Holdings LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES SMALL BUSINESS )<br>ADMINISTRATION; Isabella Casillas )<br>Guzman, in her official capacity as )<br>Administrator of the Small Business )<br>Administration; Janet Yellen, in her official )<br>capacity as United States Secretary of Treasury; )<br>and The United States of America, Defendants, )<br>)<br>Defendant. )<br>)<br>) | Case No. _____ |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

Plaintiff Franklin Capital Holdings LLC ("Franklin" or "Plaintiff"), for its Verified Complaint, states and alleges as follows:

### INTRODUCTION

1. This is an action which seeks judicial review of the legally erroneous and arbitrary and capricious decision by Defendant United States Small Business Administration ("SBA") and its Administrator to deny forgiveness to Franklin of a Paycheck Protection Program ("PPP") loan it obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The Court should review and reverse the SBA's decision and direct it to forgive Franklin's PPP loan.

## PARTIES

2. Plaintiff Franklin Capital Holdings LLC ("Franklin" or "Plaintiff") is a Delaware limited liability company whose members are Gary Edidin, Matthew Fink, and Marci Moss, as trustee of the Gary R. Edidin 2009 Special Trust. Franklin is a financial business primarily engaged in accounts receivable, purchase order, and trade financing for small to medium-sized businesses.

3. Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 et seq. Under the CARES Act, the SBA administers the PPP.

4. Defendant Isabella Casillas Guzman (the "Administrator") is the Administrator of the SBA and is sued in her official capacity only, as the Administrator of the SBA. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

5. Defendant Yellen .is the Secretary of the United States Department of Treasury and is named as defendant only in her official capacity. Because she is the officer with final authority on all matters relating to the Department of Treasury consulting with the SBA for the implementation of the PPP, Secretary Yellen is a proper defendant for causes of action brought under the APA.

6. Defendant United States of America ("United States") is named as a party pursuant to 5 U.S.C. §§ 702, 703. The actions complained of were taken by the United States through its officials or agencies, including the SBA and the Administrator.

## VENUE AND JURISDICTION

7. This Court has jurisdiction of this dispute under 28 U.S.C. §§ 1331, 1346(a)(2), 1361 and/or 2201. Authority for judicial review of agency action is further provided by 5 U.S.C. § 702.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C § 703 because the Plaintiff resides in this judicial district.

9. The SBA's review and denial of the Plaintiff's appeal through the SBA's Office of Hearings and Appeal ("OHA") became final on August 9, 2022, thirty (30) days after service of the OHA Decision. 13 C.F.R. § 134.1211(g).

10. Plaintiff is entitled to judicial review of the SBA Final Decision and the OHA Decision. 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court."); § 134.1211(g) ("***Appeal to Federal district court.*** Final decisions may be appealed to the appropriate Federal district court only.") (emphasis in original).

## FACTUAL BACKGROUND

### I. The CARES Act

11. On March 11, 2020, the World Health Organization declared the coronavirus COVID-19 outbreak a global pandemic.

12. On March 25, 2020, Congress passed the CARES Act to mitigate the economic devastation caused by the COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress enacted the CARES Act to protect the millions of Americans employed by small businesses. Part of the CARES Act included the PPP, which provided the SBA with the funding and authority to operate a loan program designed to financially assist small businesses with their cash-flow during the COVID-19 pandemic. *See id.* § 1102; 15 U.S.C. § 636.

13. Specifically, Section 1106 of the CARES Act, as amended by the Paycheck Protection Program Flexibility Act (the "Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641 (2020), sets out the conditions of loan forgiveness for PPP loan recipients. "An eligible recipient

shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses. 15 U.S.C. § 636m(b), (d). The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness. 15 U.S.C. § 636m(c)(3). PPP loan recipients must submit applications to the SBA to be considered for forgiveness and the SBA must forgive the PPP loan if the borrower was an "eligible recipient" of the PPP loan.

14. Historically, the SBA has excluded certain types of small businesses from eligibility for other SBA lending programs. Aware of this exclusion, Congress deliberately expanded the classes of businesses eligible for forgivable PPP loans.

15. Specifically, in the section of the CARES Act conspicuously titled "Increased Eligibility for Certain Small Businesses and Organizations," Congress broadened the class of businesses eligible to receive SBA financial assistance PPP loans, including but not limited to nonprofit. 15 U.S.C. § 636(a)(36)(D).

16. Congress specifically and unambiguously provided that "any business concern [ as described in the CARES Act,] ... shall be eligible" for PPP loans, and the subsequent forgiveness thereof, if it met the criteria for forgiveness. 15 U.S.C. § 636(a)(35)(D)(i) (emphasis added).

17. The CARES Act was signed into law by the President on March 27, 2020.

18. Prior to, and without consideration of, the enactment of the CARES Act, the SBA developed Standard Operating Procedures ("SOPs") to implement its regulations for each then existing loan program. *See* 13 C.F.R § 120. The SBA utilizes SOP 50 10 5(K), Lender and Development Company Loan Programs, to "conform to recently revised regulations in 13 CFR Part 120, and to provide guidance that clarifies and streamlines policy and procedures affecting the 7(a) and 504 programs." *See* SBA SOP 50 10 5(K) at 1. SOP 50 10 5(K), which incorporated

then recently published final rules, federal register notices and SBA policy notices, became effective on April 1, 2019, almost a full year prior to enactment of the CARES Act and the beginning of the COVID-19 pandemic.

## II. Franklin Obtains a PPP loan Consistent with Congressional Intent

19. Business concerns such as Franklin are so important to the United States economy, the Department of Homeland Security's Cybersecurity and Infrastructure Security Agency (CISA) deemed "financial services and lending services" to be a vital component in the nation's critical infrastructure at the onset of the COVID-19 pandemic.[1]

20. In order to continue to provide vital services, on April 4, 2020, relying upon the clear language of the CARES Act, Franklin certified its eligibility "under the rules *in effect* at the time" it applied for a PPP loan from CIBC Bank USA (the "Lender") in the amount of $295,100.00 (the "Loan") (SBA Loan No. 7738557004). *Exhibit 1* at 325 (emphasis added).

21. On or about April 8, 2020, Plaintiff's Loan application was approved by the Lender as delegee, and without objection, of the SBA.

22. On April 10, 2020, the Lender funded the Loan.

23. Franklin applied for the PPP Loan for the exact purposes envisioned by Congress in the CARES Act and utilized the PPP Loan proceeds exactly as intended by Congress: to protect the continued employment of its employees.

## III. SBA Wrongfully Denies Forgiveness of Franklin's PPP Loan

24. The SBA posted an Interim Final Rule ("IFR") to the Federal Register on April 15, 2020 ("Effective Date"), and bypassed the typical thirty (30) day notice period for implementation

---

[1] Krebs, Christopher C. (CISA Director), Advisory Memorandum on Identification of Essential Critical Infrastructure Workers During COVID-19 Response. U.S. Dept. of Homeland Security. May 19, 2020. Available at: https://www.cisa.gov/sites/default/files/publications/Version_3.1_CISA_Guidance_on_Essential_Critical_Infrastructure_Workers.pdf (last visited August 17, 2022)

- 5 -

ClarkHill\45961\437021\268142081.v4-8/26/22

of a regulation or rule under the Administrative Procedure Act. *See 85 Fed. Reg. 20811* ("The immediate effective date of this interim final rule will benefit small businesses so that they can immediately apply for the loan *with a full understanding of loan terms and conditions*.") (emphasis added).

25. Franklin spent at least 60% of the Loan proceeds on payroll. *Exhibit 1* at 347 ("Appellant filed SBA Form 3508, indicating that it used at least 60% of the PPP loan on payroll cost.")

26. Eligible recipients are eligible for forgiveness to the extent loan proceeds are used to cover permitted costs, including but not limited to payroll costs as defined by the Act. *CARES Act § 1106(b), (d)*.

27. On or about February 8, 2021, Plaintiff applied for full forgiveness of the Loan ("Forgiveness Application"). *Exhibit 1* at 328-32.

28. Lender approved Franklin's application for full forgiveness and submitted it to the SBA on February 8, 2021.

29. On December 20, 2021, the Lender forwarded the SBA's request for additional information (the "Request"). *See Exhibit 1* at 333-35.

30. On December 24, 2021, Franklin provided its response (the "Response") to the Request, arguing that the IFR was inapplicable to Franklin's eligibility for the Loan as it did not become effective until after Franklin certified and submitted its Loan application and after the Loan was funded. *See Exhibit 1* at 364-5.

31. On January 31, 2022, Franklin received the Final Decision from the SBA denying forgiveness of the Loan, claiming Franklin was "ineligible for the PPP loan" at the time of application ("Final Decision") because:

    a. "After review of the documentation provided, the SBA concludes that Borrower is a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring."

    b. Franklin "submitted 2018 tax return 1065 signed by preparer on 9/12/19 stated Business code number 522220, Principal business activity Sale Invoice Financing, and Principal product or service Financial Services."

    c. "From the information obtained, it is determined that this applicant is considered a business primarily engaged in lending, under 13 CFR § 120.110(b). The CARES ACT – Section 1102 – Paycheck Protection Program – (a), states: "IN GENERAL - Section 7(a) of the Small Business Act (15 U.S.C. 636(a)) is amended." Therefore, the Paycheck Protection Program is classified under the SBA 7(a) loan program and must adhere to the policy intact, unless subsequent guidance has been published to provide revisions to programs policies. At the time of application, the effective SOP 50 10 (5) (k) – Sub-part B – Chapter 2 – Section III.2.a. Page 104, list businesses engaged in lending, per 13 CFR § 120.110(b) as ineligible entities for any 7(a)-loan program. IFR- Paycheck Protection Program – Section III.1.c. further supports this ineligibility by stating: "Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10, Subpart B, Chapter 2, except that nonprofit organizations authorized under the Act are eligible.""

    d. "This exclusion information pre-dates the published guidance related to the CARES Act and PPP program."

A true and accurate copy of the Final Decision is attached hereto as *Exhibit 1* at 20-22 and is incorporated herein by reference.

    32.    The SBA did not rely on any criteria of the CARES Act to support its decision to deny forgiveness.

    33.    The SBA found no fault with the size of Franklin as a small business, the amount of the PPP Loan, or the uses of the PPP Loan funds by Franklin.

    34.    The SBA likewise found no fault with the form or content of Franklin's forgiveness application.

    35.    The SBA's sole and exclusive basis for the Final Decision was its determination that Franklin was a "financial business primarily engaged in lending, investments or an ineligible

business engaged in financing or factoring" under 13 C.F.R. § 120.110(b) and thus, according to the SBA, was ineligible for the PPP loan.

36. Following the Final Decision, Franklin timely pursued and exhausted the available administrative remedies.

37. Specifically, on March 7, 2022, the Plaintiff timely appealed the SBA's Final Decision to SBA's Office of Hearings and Appeal ("OHA"). *Exhibit 1* at 22-24.

38. On July 10, 2022, the OHA issued its decision affirming the SBA's Final Decision ("OHA Decision"), stating that Franklin was an ineligible business under the SBA's pre-existing 7(a) loan program regulations, codified at 13 C.F.R. § 120.110; the SBA's failure to object to the Lender's approval of Franklin's Loan was not SBA approval; and the Interim Final Rule was applicable prior to its Effective Date. A true and accurate copy of the OHA Decision is attached hereto as *Exhibit 2* and is incorporated herein by reference. The OHA Decision became final on 9 August 2022, 30 days after the OHA Decision.

39. Incredibly, the OHA asserted as fact that the CARES Act's lack of reference to the applicability of 13 C.F.R. § 120.110 [or the SOPs] to PPP Loans was "irrelevant." According to the OHA assertion, the SBA later took the unnecessary and redundant step to publish the IFR to specifically apply the same ineligibility criteria under § 120.110 and the SOPs to PPP loans already incorporated via the CARES Act.

40. Both the Final Decision and the OHA Decision were contrary to applicable law and in excess of the SBA's statutory authority.

41. Both the Final Decision and OHA Decision were arbitrary and capricious.

### IV. SBA's Final Agency Action was Contrary to Law and Short of Franklin's Statutory Rights

42. Despite the clear direction that Congress intended for "all business concerns", as described in the CARES Act, to be eligible for PPP loans, on April 15, 2020, the SBA adopted an Interim Final Rule that improperly imposed its agency-developed, pre-COVID-19, pre-CARES Act SBA loan eligibility exclusions onto PPP eligibility.

43. The pre-existing SBA exclusions for non-CARES Act 7(a) loans excluded a wide range of businesses including banks, real-estate developers, churches, finance companies, gambling establishments, adult entertainment businesses, and life insurance companies (the "Exclusion Rule").

44. Whether or not the Exclusion Rule is within SBA's statutory authority prior to the CARES Act is not at issue in this case. Instead, this action challenges the SBA's application of the SBA's Exclusion Rule to the PPP program under the CARES Act, in particular the application to PPP loans prior to the Effective Date of the IFR.

45. SBA's application of the Exclusion Rule to the CARES Act is contrary to the plain text, purpose, and context of the CARES Act. Specifically, the application of the Exclusion Rule contradicts 15 U.S.C. § 636(a)(35)(D)(i) which makes "all business concerns" as described in the CARES Act eligible for PPP loans.

46. It is axiomatic that an agency, through regulation, cannot overrule Congress' intent unambiguously expressed in statute.

47. Congress' clear intent in the CARES Act as it relates to PPP loan process is further evidenced by its second PPP loan authorization ("Second Draw") where the eligibility requirements were statutorily restricted.

ClarkHill\45961\437021\268142081.v4-8/26/22

48. In a December 2020 amendment of the CARES Act (the "2020 Amendment" or "Economic Aid Act"), Congress authorized a "Second-Draw" PPP loan. The 2020 Amendment reflects clear and unambiguous differences in the statutory language for the Second-Draw PPP loans and the initial so-called "First-Draw" PPP loans, reflecting Congress' intent and the SBA's error.

49. More precisely, although the First-Draw PPP loans were available to "any business concern" as defined in the CARES Act, 15 U.S.C. § 636(a)(35)(D)(i), Congress expressly excluded from eligibility for Second-Draw PPP loans any business described in 13 C.F.R. § 120.110, including "financial businesses primarily engaged in the business of lending" such as Franklin. See Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182 (December 27, 2020).

50. In effect, Congress statutorily adopted the policy from the Exclusion Rule exclusively for Second-Draw PPP loans. Despite the ability to do so given the publication of the IFR, Congress made no attempt to retroactively apply this policy to First Draw PPP Loans. That change in statutory language indicates that Congress specifically intended those exclusions not to apply to First-Draw PPP loans.

51. Franklin's PPP Loan was a First-Draw PPP loan approved on April 8, 2020. Franklin did not apply or receive a Second-Draw PPP loan.

52. The SBA's Final Decision and OHA Decision effectively ignore the differing statutory language between First-Draw and Second-Draw PPP loans despite their clear differences.

53. Accordingly, the SBA's exclusion of a "financial business primarily engaged in lending" from eligibility for a forgivable First-Draw PPP loan violates 5 U.S.C. § 706(2) and improperly treats Franklin's PPP Loan as if it were a Second-Draw PPP loan.

ClarkHill\45961\437021\268142081.v4-8/26/22

54. The SBA's erroneous interpretation of the CARES Act as applied to First-Draw PPP loans in the Interim Final Rule forms the basis of both the Final Decision and the OHA Decision, which taken together deny forgiveness for the PPP loan received by Franklin, to which Franklin is so entitled.

55. SBA's decisions were legally erroneous. The Court should reverse the Final Decision and OHA Decision, hold that the decisions were unlawful as "not in accordance with law," 5 U.S.C. § 706(2)(A), and set aside the Final Decision and OHA Decision.

56. Additionally, because the Exclusion Rule rendered Franklin ineligible for its First-Draw PPP loan and loan forgiveness in clear violation of the CARES Act, the Court should declare the SBA, in reaching its final agency decision, acted "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" and thus should be set aside. *See* 5 U.S.C. § 706(2)(C).

### V. SBA's Decision was Arbitrary Capricious and an Abuse of Discretion

57. The SBA compounded its legal error by arbitrarily and capriciously discriminating against Franklin. Specifically, SBA denied forgiveness to Franklin while forgiving PPP loans of other finance companies.

58. The arbitrary and capricious nature of the Final Decision is evidenced by the fact that multiple financial entities conducting the same or substantially similar business as Franklin in all material relevant respects applied for and received forgiveness from the SBA on their PPP loans. SBA PPP Loan Data reflecting Final Decisions is attached hereto as *Exhibit 3* and is incorporated herein by reference.

59. 163 entities classified under the same NAICS code (522220) as Franklin all received PPP forgiveness. *Id.* 64 entities received loan approval after the Effective Date of the IFR, including one approval as late as 24 April 2021. *Id.*

60. SBA further acted arbitrarily and capriciously by also discriminating against Franklin and other businesses involved in consumer financing by arbitrarily eliminating (or not enforcing) the exclusion for certain types of business concerns such as casinos and adult entertainment businesses, while maintaining the Exclusion Rule against other traditionally ineligible businesses.

61. There is nothing in the CARES Act which authorized the SBA to haphazardly pick and choose which types of businesses are eligible for PPP loans.

62. The SBA's decision to forgive some but not all loans of similarly situated borrowers was arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A).

63. In the alternative, to the extent the relevant statutes grant the SBA discretion with respect to eligibility for forgiveness of First-Draw PPP loans, the SBA has abused its discretion in violation of 5 U.S.C. § 706(2)(A).

64. Furthermore, the SBA has acted in an arbitrary and capricious manner by forgiving PPP loans made to some historically ineligible businesses while denying the same forgiveness to other historically ineligible businesses.

65. 13 C.F.R. § 120.110(b), which the SBA has purported to apply to all PPP loans per the Interim Final Rule, dictates that non-profit businesses, businesses deriving more than one-third of gross annual revenue from legal gambling activities, and businesses which present live performances of a prurient sexual nature are excluded from eligibility for SBA loans. See 13 C.F.R. § 120.110(a), (g), and (p).

66. Despite the supposed clarity of the Exclusion Rule, the SBA has arbitrarily and capriciously, without any meaningful explanation or rationale, made special exception to the Exclusion Rule for businesses presenting live performances of a prurient sexual nature, "without

regard to their ineligibility under 13 C.F.R. § 120.110" and forgiven PPP loans to those types of business. Documents reflecting the SBA's decision in an SBA court filing are attached hereto as *Exhibit 4* and are incorporated herein by reference.

67. The SBA has likewise arbitrarily and capriciously, without any meaningful explanation or rationale, made special exception to the Exclusion Rule for casinos and other establishments deriving more than one-third of their gross revenue from gambling and forgiven PPP loans to those types of businesses. See Business Loan Temporary Changes; Paycheck Protection Program - Requirements - Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed. Reg. 23450, 23451 (Apr. 28, 2020).

68. The SBA explained that it would allow gambling businesses to participate in the PPP because it "believes this approach is more consistent with the policy aim of making PPP loans available to a broad segment of U.S. businesses." Id. That same policy rationale should have been applied equally to financial services businesses such as Franklin. See supra Paragraph 13. Further, that policy rationale is, at its core, inconsistent with the SBA's application of the Exclusion Rule to first draw PPP loans through the Interim Final Rule.

69. The Final Decision and OHA Decision should be reversed and set aside as arbitrary and capricious or, alternatively, as an abuse of discretion. See 5 U.S.C. § 706(2)(A).

**FIRST CLAIM FOR RELIEF (JUDICIAL REVIEW)**

70. The allegations contained in the foregoing paragraphs are realleged and restated herein.

71. This Court is authorized and empowered to review the Final Decision and OHA Decision for errors.

72. The Final Decision was erroneous as a matter of law, constituted arbitrary and capricious conduct by the SBA, was made based upon a rule established through an excess of

statutory authorization, and constituted an abuse of discretion, all in violation of 5 U.S.C. § 706(2)(A), (C).

73. The OHA Decision was erroneous as a matter of law, constituted arbitrary and capricious conduct by the SBA, and was made based upon a rule established through an excess of statutory authorization and short of statutory right, or, alternatively, constituted an abuse of discretion, all in violation of 5 U.S.C. § 706(2).

74. The Court should hold that the Final Decision and OHA Decision were unlawful, should set aside the Final Decision and OHA Decision, and should direct the SBA to grant forgiveness to Franklin regarding its PPP Loan.

## SECOND CLAIM (DECLARATORY JUDGMENT)

75. The allegations contained in the foregoing paragraphs are realleged and restated herein.

76. There is an actual and existing controversy between the parties as to the correctness and priority of the SBA's application of the Interim Final Rule and the Exclusion Rule to first draw PPP loans.

63. The SBA's application of the Interim Final Rule and the Exclusion Rule to first draw PPP loans was legal error, was arbitrary and capricious, was made in excess of SBA's statutory authority, and constituted an abuse of discretion (to the extent it had discretion) in direct violation of 5 U.S.C. § 706(2)(A), (C).

77. Franklin is entitled to a judgment declaring that the SBA's application of the IFR and the Exclusion Rule to its First-Draw PPP loan was legal error, was arbitrary and capricious, and was made in excess of SBA's statutory authorization and short of Franklin's statutory right, or, in the alternative, constituted an abuse of discretion.

- 15 -

78. Franklin is entitled to a judgment declaring that the application of the Interim Final Rule and the Exclusion Rule to Franklin's PPP Loan was error, the resulting Final Decision and OHA Decision were issued in error, and Franklin's PPP loan should be forgiven.

## PRAYER FOR RELIEF

WHEREFORE, Franklin Capital Holdings LLC, respectfully prays that the Court grant it the following relief:

i. Reverse and set aside the Final Decision and OHA Decision, and direct the SBA to issue a new decision on Franklin's forgiveness application forgiving its PPP Loan;

ii. Declare that the application of the Exclusion Rule to the Franklin's PPP Loan is not authorized by, and is contrary to, law;

iii. Declare that the application of the IFR to the Franklin's PPP Loan prior to the effective date is not authorized by, and is contrary to, law;

iv. Declare that the application of the IFR and the Exclusion Rule to Franklin's PPP Loan was arbitrary and capricious;

v. Declare that the application of the IFR and the Exclusion Rule to Franklin's PPP Loan was in excess of statutory authorization;

vi. Declare that the application of the IFR and the Exclusion Rule to Franklin's PPP Loan was an abuse of discretion;

vii. Award costs and reasonable attorneys' fees to the extent permitted by law; and

viii. Grant such other relief as this Court may deem just and proper.

Dated: August 26, 2022

Respectfully submitted,

Franklin Capital Holdings LLC, Plaintiff

By: /s/ Timothy R. Herman
One of its Attorneys

Timothy R. Herman
ARDC No. 6301721
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, IL 60601
Telephone: 312-985-5950
Facsimile: 312-985-5574
therman@clarkhill.com

Bret S. Wacker (*Pro Hac Vice* forthcoming)
J. Chris White (*Pro Hac Vice* forthcoming)
730 17th Street, Suite 420
Denver, CO 80202
Telephone: 202-772-0906
Facsimile: 202-772-0905
bwacker@clarkhill.com
jcwhite@clarkhill.com

ATTORNEYS FOR PLAINTIFF

## LIST OF EXHIBITS

| Exhibit 1 | Administrative Record |
|---|---|
| Exhibit 2 | *OHA Decision* |
| Exhibit 3 | *PPP Forgiveness Data* |
| Exhibit 4 | *Email Directing Forgiveness in for Prurient Activity Business* |

## VERIFICATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States of America that the foregoing is true and correct.

Dated: August 26, 2022

*[signature]*

Gary Edidin, CEO & Chairman
Franklin Capital Holdings LLC

CLARKHILL\45961\437021\268142081.v4-8/26/22