# United States Small Business Administration
# Office of Hearings and Appeals

EXHIBIT 2

PAYCHECK PROTECTION
PROGRAM APPEAL OF:

Franklin Capital Holdings LLC

    Appellant

Appealed from:

SBA PPP Loan Number 7738557004

Issued: July 10, 2022

Docket No. PPP-7738557004

## APPEARANCES

Jonathan White, Esq., Clark Hill PLC, for Franklin Capital Holdings LLC
Lolitha McKinney, Esq., Office of General Counsel, for the U.S. Small Business Administration

## DECISION

### I. Introduction and Jurisdiction

On January 31, 2022, the U.S. Small Business Administration (SBA) Office of Capital Access issued a final Paycheck Protection Program (PPP) loan review decision that found Franklin Capital Holdings LLC (Appellant) ineligible for its PPP loan, because "[Appellant] is a financial business primarily engaged in lending, investments or an ineligible business engaged in financing or factoring." Administrative Record (AR) at 20.

On March 7, Appellant, through counsel, filed a timely appeal petition in this matter with the Office of Hearings and Appeals (OHA) of SBA; OHA conducts PPP appeals under the authority of 13 C.F.R. Part 134, Subpart L, and the appeal petition was assigned to me.

For the reasons discussed below, I **DENY** Appellant's appeal petition and **AFFIRM** the final SBA loan review decision.

### II. Background

On April 19, I issued a Notice and Order to establish: (a) a deadline for SBA's production of the administrative record; (b) a deadline for any objections to the administrative record by Appellant; (c) a deadline for SBA's response, if any, to the appeal petition; and (d) the date for the closing of the record. *See* 13 C.F.R. § 134.1206.

On April 28, SBA filed the administrative record, and on May 19 Appellant filed an objection to the record stating that the record contained duplicate documents and requesting that it be corrected or clarified. On May 20, I denied Appellant's request for the reasons set forth in my docketed order. *See* Order Denying Appellant's Request to Correct or Clarify the Administrative Record.

SBA did not file a response to Appellant's appeal petition and the record was closed on June 3.

EXHIBIT 2

Docket No. PPP-7738557004

### A.  The Final SBA Loan Review Decision

As stated above, SBA found that Appellant, as a financial business primarily engaged in lending, was ineligible for its $295,100 PPP loan under 13 C.F.R. § 120.110(b), noting that the prohibition against the issuance of Section 7(a) loans to financial business was to be found in SBA's Standard Operating Procedure (SOP) 50 10 5(K), Apr. 1, 2019, as well as in SBA's first Interim Final Rule, 85 Fed. Reg. 20811, 20812, Apr. 15, 2020.  *See* AR at 20-21.

SBA therefore "determined that forgiveness in the amount of $0.00 is appropriate."  AR at 21.

### B.  The Appeal Petition

Appellant's March 7 appeal petition does not dispute that Appellant is engaged in the business of lending, *see generally* Appeal of Forgiveness Denial of Paycheck Protection Program Loan (hereinafter "Appeal"), but instead argues that:

1.  Although PPP loans are "a form of 7(a) loan," *id.* at 4, the prohibition of lending to financial businesses applicable to Section 7(a) loans does not apply to PPP loans because "the CARES Act made no reference to the applicability of . . . the SBA regulations related to 7(a) program loan eligibility." *Id.* at 6.

2.  SBA approved the issuance of Appellant's loan.  *Id.* at 7.

3.  The April 15, 2020, Interim Final Rule, which stated that "Businesses that are not eligible for PPP loans are identified in 13 CFR 120.110 and described further in SBA's Standard Operating Procedure (SOP) 50 10," 85 Fed. Reg. 20812, was made effective after Appellant applied for and received its loan.  *See* Appeal at 6-8.

### III.  Discussion

### A.  Standard of Review

Appellant has the burden of proving all elements of its appeal.  Specifically, Appellant must show that the final SBA loan review decision was based on a clear error of fact or law.  *See* 13 C.F.R. § 134.1210.

### B.  Analysis

#### 1.  The Fact That the CARES Act Made No Reference to the Applicability of 13 C.F.R. § 120.110 to PPP Loans Is Irrelevant.

The CARES Act, 15 U.S.C. § 36a(36)(B), stated: "Except as otherwise provided in this paragraph, the Administrator may guarantee [PPP] loans under the same terms, conditions, and processes as a loan made under [Section 7(a)]."

There then followed a number of relaxations of Section 7(a) eligibility criteria that would otherwise be applicable to PPP loans, *see, e.g.*, *id.* § 36a(36)(D), but there was no provision that made 13 C.F.R. § 120.110 inapplicable to PPP loans.  Thus Appellant has it exactly backwards; to pre-

EXHIBIT 2

Docket No. PPP-7738557004

clude the regulation's applicability to PPP loans, the CARES Act would have had to do so expressly, and it did not – that is, it was not "otherwise provided" in the Act that 13 C.F.R § 120.110 did not apply to PPP loans.

Compliance with the regulation therefore remained an applicable "condition" for the guarantee of PPP loans, as for all Section 7(a) loans. *See* Lender and Development Company Loan Programs, SOP 50 10 5(K), Apr. 1, 2019, at 104, citing 13 C.F.R. § 120.110(b): "SBA cannot guarantee a loan that provides funds to businesses primarily engaged in lending or investment."

### 2. SBA Did Not Approve Appellant's Loan.

Appellant asserts that SBA approved its loan:

(a) "SBA understood that Franklin was in the business the SBA now claims is an ineligible business when it approved the Loan Application." Appeal at 7.

(b) "[t]he SBA approved . . . the Loan Application . . . ." *Id.*

SBA did not approve Appellant's loan, nor did it determine Appellant's eligibility to receive its PPP loan before the loan was made. As provided by the CARES Act, Appellant's lender approved, made, and funded the loan, based on Appellant's self-certifications and exclusive of any SBA involvement. *See* 15 U.S.C. § 636(a)(36)(F) (ii)(I): "[A] lender . . . shall be deemed to have been delegated authority by the [SBA] Administrator to make and approve [PPP loans]."

### 3. 13 C.F.R. § 120.110(b) Was Applicable at the Time of Appellant's Loan Application.

Appellant applied for its PPP loan on April 4, 2020, *see* AR at 325, that is, before the April 15, 2020, effective date of the first Interim Final Rule, 85 Fed. Reg. 20811, which specified the applicability of 13 C.F.R. § 120.110 to PPP loans, *id*. at 20812.

Nevertheless, in its March 27, 2020, enactment of the CARES Act, Congress placed the PPP under Section 7(a) of the Small Business Act, as Appellant concedes. *See* CARES Act § 1102(a) (adding paragraph 36 to 15 U.S.C. § 636(a)). Thus, the preexisting ineligibility rules of 13 C.F.R. § 120.110 applicable to other Section 7(a) loans also applied to PPP loans, even before the issuance of the April 15 Interim Final Rule: "[T]he Administrator may guarantee [PPP loans] under the same terms, conditions, and processes as a loan made under [Section 7(a)]." 15 U.S.C. § 636(a)(36)(B). Despite Appellant's assertion, *see* Appeal at 6, there is therefore no "retroactivity" entailed in the application of 13 C.F.R. § 120.110 to PPP loans.

Consequently, there was also no 11-day gap in the applicability of 13 C.F.R. § 120.110(b) to PPP loans for Appellant hurriedly to exploit; the Interim Final Rule simply confirmed the preexisting applicability of this regulation to PPP loans, which dated from March 27, 2020, i.e., the enactment of the CARES Act.

### IV. Conclusion

Appellant did not show that SBA's final loan review decision denying Appellant forgiveness of its PPP loan was based on a clear error of fact or law; Appellant was ineligible for its loan under 13 C.F.R. § 120.110(b) and a PPP loan for which a borrower was ineligible cannot be forgiven. *See* Interim Final Rule, 85 Fed. Reg. 33010, 33012, June 1, 2020, Section III, para. 1(E).

368

EXHIBIT 2

Docket No. PPP-7738557004

Accordingly, Appellant's appeal petition is **DENIED** and SBA's final loan review decision denying Appellant forgiveness of its loan is **AFFIRMED**.

This is an initial decision.  Appellant may request reconsideration of my decision by e-mailing a petition for reconsideration to OHAPPPInquiries@sba.gov no later than Wednesday, July 20, 2022.  The petition for reconsideration must clearly show an error of fact or law material to my decision.  *See* 13 C.F.R. § 134.1211(c)(1).

However, unless a petition for reconsideration is filed, or the SBA Administrator, solely within her discretion, decides to review or reverse my decision, this decision shall become the final decision of SBA on Tuesday, August 9, 2022.  *See id.* § 134.1211(b).

**SO ORDERED**.

_____
Roger W. Mehle
Administrative Judge

- 4 -