UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN CAPITAL HOLDINGS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES SMALL ) <br> BUSINESS ADMINISTRATION, ) <br> ISABELLA CASILLAS GUZMAN, ) <br> Administrator of the U.S. Small Business ) <br> Administration, JANET YELLEN, Secretary ) <br> of Treasury of the United States, THE ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendants. ) | No. 22 C 4602 <br><br> Magistrate Judge Cummings |

## AMENDED STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE

Plaintiff Franklin Capital Holdings LLC ("Franklin") and Defendants the United States Small Business Administration ("SBA"), Isabella Casillas Guzman, in her official capacity as Administrator of the SBA, Janet Yellen, in her official capacity as Secretary of the Treasury of the United States, and the United States of America ("Defendants"), through their undersigned attorneys, hereby agree and stipulate as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein (the "Settlement Agreement").

2. Partial Forgiveness of PPP Loan to Plaintiff: On April 10, 2020, Franklin received from CIBC Bank USA ("Lender") a Paycheck Protection Program ("PPP") loan in the amount of $295,100 ("Loan"). On February 8, 2021, Franklin completed a PPP Loan Forgiveness Application (SBA Form 3508), requesting forgiveness for the full amount of the Loan ("Application"). On or about January 31, 2022, the SBA denied Franklin's Application, which ultimately resulted in the above-captioned matter. In accordance with the terms of this Settlement

Agreement, the SBA shall reopen and re-process Franklin's Application, and approve partial forgiveness for 75% of the principal balance, or $221,325. Franklin will remain responsible for the remaining 25% of the Loan balance, or $73,775. Following the approval of the Application providing partial forgiveness of 75% of the Loan, Plaintiff will make payments on the remaining balance of the Loan in accordance with the Lender's agreed upon terms.

3. Fees, Costs, and Expenses: The partial forgiveness amount described in paragraph 2, above, represents the entire amount of the compromise settlement. The respective parties will each bear their own costs, fees, and expenses, including attorney's fees, incurred in relation to this matter.

4. No Admission of Liability or Wrongdoing: This Settlement Agreement is not and shall not be construed as an admission by the Defendants of the truth of any allegation or the validity of any claim asserted in this lawsuit, or of the Defendants' liability. Conversely, this Settlement Agreement shall not be construed as a concession by Franklin with regard to any of its claims asserted in this lawsuit or of the Defendants' liability.

5. Release: Upon receipt of the SBA's partial forgiveness action described in paragraph 2 above, Plaintiff, including its successors and agents, fully and forever releases, acquits, and discharges defendants and their components, agents, employees, and former employees, either in their official or individual capacities, from any and all claims, demands, and causes of action of every kind, nature, or description, whether known or unknown, that plaintiff may have had, may now have, or may hereafter discover arising out of or in connection with any event occurring prior to the date of this Settlement Agreement relating to all claims that were raised or could have been raised in this action and all other claims relating to the litigation and plaintiff's PPP loan.

6.      No Assignment: Plaintiff represents and warrants that it is the sole and lawful owner of all rights, title and interests in and to every claim and other matter that it purports to release herein, and that it has not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released. The Plaintiff shall indemnify the Defendants, and any of its departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

7.      Tax Consequences: Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiff. This Settlement Agreement is executed without reliance upon any representation by defendants as to tax consequences, and plaintiff is responsible for the payment of any taxes that may be associated with the settlement payments.

8.      Merger Clause: This Settlement Agreement contains the entire agreement between the parties hereto, and plaintiff acknowledges and agrees that no promise or representation not contained in this agreement has been made to it and acknowledges and represents that this Settlement Agreement contains the entire understanding between the parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein. No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed upon purpose other than the desire of the parties to reach a full and final conclusion of the litigation and to resolve that suit without the time and expense of further litigation

9. Modification: This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties, nor shall any provision hereof be waived other than by a written waiver, signed by the parties.

10. Binding Successors: This Settlement Agreement shall be binding upon an inure to the benefit of the Plaintiff and the Defendant and their respective successors, assigns, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

11. Severability: The provisions of this agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

12. Public Disclosure: The parties agree that this Settlement Agreement, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

13. Dismissal of claims: Plaintiff stipulates to dismissal of all of its claims in the litigation, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Notwithstanding such dismissal, the Parties agree that Franklin may petition the Court to enforce the terms of this Settlement Agreement.

14. No Precedential Value: This agreement shall have no precedential value whatsoever in any future or pending complaints, grievances, appeals, or lawsuits against the defendants, their agencies, and their agents, officers, or employees. This Settlement Agreement may not be cited by any person as a model for any future settlement in any forum, provided,

however, that the parties may cite this agreement in support of any claim that the other party has breached its terms.

15.  It is contemplated that this Stipulation for Compromise Settlement may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Attorney for Defendants:

MORRIS PASQUAL
Acting United States Attorney

By: _____
NICOLE FLORES
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-9082
nicole.flores3@usdoj.gov

Executed this 20th day of April, 2023

Attorney for Plaintiff:

BRET S. WACKER
CLARK HILL PLC
730 17th Street, Suite 420
Denver, CO 80202
Telephone: 202-772-0906
bwacker@clarkhill.com

Executed this 21st day of April, 2023

Plaintiff:

GARY EDIDIN
Chairman and Chief Executive Officer
Franklin Capital Holdings LLC

Executed this 21st day of April, 2023

5